

**SIGNED this 30th day of March, 2008.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ENRIQUE AGUERRO, | § | CASE NO. 07-12195-CAG |
|    Debtor. | § | CHAPTER 13 |

### ORDER GRANTING CITIFINANCIAL AUTO CORPORATION'S OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN

On January 29, 2008, the Court held a hearing on Citifinancial Auto Corporation's Objection to Confirmation of Debtor's Proposed Chapter 13 Plan, said objection having been filed on January 17, 2008 (Doc. #18). Citifinancial Auto Corporation ("Citifinancial") and the Debtor, both represented by counsel, appeared at the hearing. The issue presented is whether the Debtor may surrender a vehicle purchased within 910 days of filing bankruptcy to Citifinancial in full satisfaction of the debt owed, as his plan provides, or whether Citifinancial retains the right to file an amended proof of claim for any deficiency balance that may remain owed after Citifinancial forecloses its security interest in the vehicle.

The Court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 158(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(B) (allowance or disallowance of claims),

(b)(2)(L) (confirmation of plans), and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represents the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa.

Pursuant to the Debtor's Chapter 13 plan, filed December 10, 2007 (Doc. #7), the Debtor proposes to surrender to Citifinancial a 2004 Mitsubishi Montero on which the Debtor owes approximately $21,752 to Citifinancial and in which this creditor holds a valid security interest. In his plan in Section III, 1 B, the Debtor proposes to "Surrender in Full Satisfaction" the Montero to Citifinancial to cancel all debt he owes this creditor. Citifinancial filed a proof of claim on December 11, 2007 for $22,227.64 as a fully secured claim. *See* Claim No. 2 The Texas Motor Vehicle Retail Installment Contract made a part of Claim No. 2 shows the Debtor purchased the Montero on January 7, 2006, a date less than 910 days prior to his filing a chapter 13 case on November 29, 2007.[1]

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added language to the Bankruptcy Code at issue here. Some courts refer to this language as the "Hanging Paragraph"because it is an unnumbered paragraph in 11 U.S.C. § 1325 and falls directly after § 1325(a)(9) and before the subsections of § 1325(b). This Hanging Paragraph removes the application of § 506 to creditor's claim if that creditor has to secure its debt a purchase money security interest in a motor vehicle purchased within 910 days of the bankruptcy filing and that motor vehicle is for the personal use of the debtor. Section 506(a)(1) ordinarily permits a debtor to bifurcate a secured creditor's claim into secured and unsecured portions based on the value of the collateral. Now a chapter 13 debtor must pay the full debt owed on a car purchased within 910 days of filing bankruptcy if he or she intends to retain the car. An argument arises over how the claim

---

[1]Citifinancial's proof of claim for the debt owed it clearly shows the debt includes a loan to the Debtor for the Montero and to pay off negative equity owed on a vehicle traded in when the Debtor bought the Montero. In a recent decision, Judge Leif Clark of the Bankruptcy Court of the Western District of Texas, has determined that, when debt for a vehicle purchased within 910 days of a bankruptcy filing fund both the purchase and any debt remaining on a trade-in, this 910 subsection does not apply. Although the *Sanders* case differs from the situation here in that those debtors were retaining the vehicle and paying for it over the term of the plan, the underlying premise could apply here that, when the debt includes more than purchase money debt, the claim must be bifurcated into a secured claim for the value of the vehicle and an unsecured claim for any remaining deficiency. *See In re Sanders*, 377 B.R. 836 (Bankr. W.D. Tex. 2007). Citifinancial did not argue this ground as a reason to allow it a bifurcated claim.

2

must be treated if the debtor proposes in his or her plan to surrender a "910" vehicle to the creditor. Can the creditor file an unsecured claim for any deficiency balance after it has foreclosed its security interest in the car, or must it accept the car in full satisfaction of the debt? In other words, does the combination of 11 U.S.C. § 1325(a)(5)(C), which allows a plan to provide for the surrender of collateral, and the text appearing immediately after § 1325(a)(9), which states that § 506 no longer applies to value a motor vehicle bought within 910 days of the bankruptcy filing, allow this full value surrender?[2]

Courts throughout the country are struggling with the correct application of this Hanging Paragraph language on motor vehicle claims when the vehicle was purchased with recourse debt within 910 days preceding the bankruptcy filing, the vehicle is surrendered pursuant to provisions of the plan, the creditor forecloses its security interest in the vehicle, and an amount remains owed. There is case law both denying and allowing the creditor the right to file a deficiency unsecured claim. *See* Keith M. Lundin, Chapter 13 Bankruptcy, 3d Ed. § 451.5, Surrender in Full Satisfaction? (2000 & Supp. 2007-1). The majority of the courts have held that, when a debtor has included in the plan under §1325(a)(5)(C) the surrender of a vehicle purchased within 910 days of the bankruptcy filing, the Hanging Paragraph requires the claim to be treated as fully secured for confirmation purposes under § 1325(C). Thus, the surrender of the vehicle equates to full payment of the claim, denying the creditor the ability to file an unsecured claim for any deficiency after it has foreclosed its security interest in the vehicle. *See In re Payne*, 347 B.R. 278 (Bankr. S.D. Ohio 2006); *In re Turkowitch*, 355 B.R. 120 (Bankr. E.D. Wis. 2006); *In re Gentry*, 2006 WL 3392947 (Bankr. E.D. Tenn. Nov. 22, 2006); *In re Quick*, 360 B.R. 722 (Bankr. N.D. Okla. 2007); and others.

However, a growing minority of courts have looked closely at the text of the Hanging Paragraph and § 506 and have determined the Hanging Paragraph only applies when the debtors plan to retain the collateral and does not apply to surrender situations. These courts have given a variety of theories why deficiency claims should be allowed when a 910 car is surrendered. Many recite that, because § 506(a) applies by its terms only to "an allowed claim of a creditor secured by a lien on property in which the estate has an interest ....," upon confirmation, the estate no longer has any

---

[2] The pertinent portion of the Hanging Paragraph [the text immediately following 1325 (a)(9)] states that § 506 shall not apply to a claim for a creditor having a purchase money security interest in a motor vehicle if that vehicle was bought for the personal use of the debtor within 910 days of the bankruptcy filing.

3

interest in the now "surrendered" vehicle, so there is no reason to use the valuation process of § 506 to determine the amount of the secured claim. Once the estate has no interest in the property, a secured creditor is free to foreclose its security interest under applicable non-bankruptcy law, apply the proceeds of sale to its claim, and file an unsecured deficiency claim if the debtor remains liable for said deficiency under applicable non-bankruptcy law. Many courts cite to the silence of the statute on what should happen when a 910 car is surrendered. These courts state that BAPCPA made no change in the law regarding what secured motor vehicle lenders can do when the collateral is surrendered under the terms of a plan, i.e., as guided by Article 9 of the Uniform Commercial Code and the law of contracts, the creditor can foreclose the security lien and, if recourse debt, file a deficiency claim for any amount still owed. *See In re Long*, 2008 WL 564798 (6th Cir. Mar. 4, 2008), at 8; *In Re Osborn (Capital One Auto Finance v. Osborn)*, 515 F.3d 817 (8th Cir. 2008) (reversing the bankruptcy and bankruptcy appellate panel that had previously ruled according to the majority position)*; In re Wright*, 492 F.3d 829, 833 (7th Cir. 2007); *In re Gay*, 375 B.R. 343, 346-47 (Bankr. E.D. Tex. 2007); *In re Clark*, 363 B.R. 492 (Bankr. N.D. Miss. 2007)*; In re Particka*, 355 B.R. 616 (Bankr. E.D. Mich. 2006); and *In re Zehrung*, 351 B.R. 675 (W.D. Wis. 2006). As stated in *In re Clark*,

> [T]he hanging paragraph causes no change when a debtor surrenders a vehicle to a 910 creditor under § 1325(a)(5)(C). Prior to BAPCPA, § 506 did not bifurcate a secured creditor's claim upon surrender, nor does it do so post-BAPCPA. Upon surrender, the 910 secured creditor still is entitled to enforce its right to payment and, after disposition of the collateral, that right to payment can still be filed and allowed as an unsecured deficiency claim under § 502. There is nothing in the hanging paragraph that somehow disallows an unsecured deficiency claim of a 910 creditor whose debt was a full recourse obligation under non-bankruptcy law and whose depreciated collateral has been surrendered to it by a Chapter 13 debtor under § 1325(a)(5)(C).

*In re Clark*, 363 B.R. at 496.

This Court agrees with the minority position. It is a position now followed by three circuit courts. Until there is controlling law in the Fifth Circuit, this Court will allow creditors to file unsecured claims for any deficiency balances remaining after a creditor forecloses its security interest in a vehicle purchased within 910 days of filing bankruptcy and the vehicle is surrendered to the creditor as part of the debtor's chapter 13 plan. It is therefore

ORDERED that Citifinancial Auto Corporation's Objection to Confirmation of Debtor's

4

Proposed Chapter 13 Plan is granted, such that Citifinancial is allowed to file an unsecured claim for any deficiency balance remaining on the debt after the 2004 Mitsubishi Montero is surrendered to it and Citifinancial has foreclosed its security interest in said vehicle

IT IS SO ORDERED.

# # #